IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAUREL GARDENS, LLC, *et al.*, | |
| Plaintiffs, | CIVIL ACTION |
| v. | NO. 17-570 |
| TIMOTHY MCKENNA, *et al.*, | |
| Defendants. | |

**MEMORANDUM**

**SCHMEHL, J.  /s/ JLS**                                                                                                 **DECEMBER 4, 2019**

Following hearsay objections from Saul Ewing Arnstein & Lehr, LLP, John Snyder, and David Falcone (collectively, the "Saul Defendants"), Plaintiffs submitted to this Court two Motions *in Limine*. These Motions seek to admit evidence of Plaintiffs' allegations that the Saul Defendants committed mail and wire fraud, conspiring with other defendants (namely, Tim McKenna) to "divest LG and AWS of their customers. . ." (ECF Docket No. 276, at 10)  To support these claims, Plaintiffs seek to admit into evidence (1) a revised affidavit and the anticipated trial testimony of Matthew Sibley, a former defendant in this matter; and (2) two emails from Catharine McKenna to Sharon Simmons.  (ECF Docket No. 276-77)

Plaintiffs assert that this evidence is admissible and relevant to the resolution of the Saul Defendants' Motion for Summary Judgment. (ECF Docket No. 258) The Saul Defendants moved for summary judgment on April 8, 2019, contending that Plaintiff's claims against them were time-barred and that Plaintiffs failed to establish RICO predicate acts committed by any of the Saul Defendants. (ECF Docket No. 258, at 1)  The Saul Defendants have also opposed the

1

present motions *in limine*, arguing that (1) neither hearsay statement presents a dispute of material fact; and (2) even if the disputed facts are material, Plaintiff's proffered hearsay statements are inadmissible under the Federal Rules of Evidence. (ECF Docket No. 278) As detailed below, we agree with the Saul Defendants. The hearsay evidence Plaintiffs seek to introduce is inadmissible in the present matter.

I. **STANDARD OF REVIEW**

Hearsay evidence is inadmissible unless provided for by federal statute, the Federal Rules of Evidence, or rules prescribed by the Supreme Court. FED. R. EVID. 802. The Federal Rules of Evidence define hearsay as a statement that (1) a declarant does not make while testifying at the current trial or hearing and (2) a party offers in evidence to prove the truth of the matter asserted in the statement. FED. R. EVID. 801(c). Such hearsay statements may be considered on a motion for summary judgment "if they are capable of being admissible at trial." *FOP v. City of Camden*, 842 F.3d 231, 238 (3d Cir. 2016) (citing *Stelwagon Mfg. Co. v. Tarmac Roofing Sys.*, 63 F.3d 1267, 1275 n.17 (3d Cir. 1995)). However, to admit evidence containing multiple levels of hearsay, each part of the combined statements must conform with an exception to the hearsay rules. FED R. EVID. 805.

II. **MOTION IN LIMINE NO. 1 TO ADMIT THE REVISED AFFIDAVIT AND TRIAL TESTIMONY OF MATTHEW SIBLEY**

a. Tim McKenna's Statement to Matthew Sibley is Inadmissible Hearsay

Plaintiffs seek to admit Tim McKenna's hearsay statement to Matthew Sibley in the form of Mr. Sibley's affidavit and anticipated trial testimony. (ECF Docket No. 276) In support of admission, Plaintiffs argue that the affidavit and anticipated testimony are admissible under

three exceptions to the rule against admitting hearsay evidence. (*Id.*) None of these exceptions support admission.

      i. Mr. McKenna's Statements to Mr. Sibley are Inadmissible as Statements of an Alleged Coconspirator

Plaintiffs first assert that Mr. McKenna's statements to Mr. Sibley are admissible because the hearsay statements were "made by the party's coconspirator during and in furtherance of [a] conspiracy." FED. R. EVID. 801(d)(2)(E). To establish evidence as admissible under this "conspiracy" exception, the proponent "must prove by a preponderance of the evidence that: (1) a conspiracy existed; (2) the declarant and the party against whom the statement is offered were members of the conspiracy; (3) the statement was made in the course of the conspiracy; and (4) the statement was made in furtherance of the conspiracy." *United States v. Turner*, 718 F.3d 226, 231 (3d Cir. 2013) (citing *United States v. Ellis*, 156 F.3d 493, 496 (3d Cir. 1998)). The court may consider the content of such statements; however, the statements must be "corroborated by independent evidence." *Id.* (citing *Bourjaily v. United States*, 483 U.S. 171, 181 (1987)); *see also* FED. R. EVID. 801(d)(2) ("[t]he statement must be considered but does not by itself establish . . . the existence of the conspiracy or participation in it under (E).").

As corroborating proof of the alleged conspiracy and the Saul Defendants' involvement therein, Plaintiffs offer three pieces of evidence. First, Plaintiffs claim that Catharine McKenna's emails to Sharon Simmons present information "consistent with the fact that Falcone was working with Tim McKenna in the formation of MAT in April 2014 and beyond."[1] (ECF Docket No. 279, at 11) The emails between Ms. McKenna and Ms. Simmons, however, are only

---

[1] These emails between Catharine McKenna and Sharon Simmons, dated September 4-5, 2014, are the subject of Plaintiff's Motion *in Limine* No. 2 and are discussed in greater detail below. *See infra* pp. 6-7.

3

"consistent" with Plaintiffs' theory to the extent that they do not directly contradict that theory. These emails do not affirmatively support the proposition that Mr. Falcone worked with Mr. McKenna to form MAT. In fact, in her email Ms. Simmons makes clear to Ms. McKenna that she was "not familiar with any of the persons or documents referenced in [Ms. McKenna's] email." (ECF Docket No. 268, Ex. 11)

Second, Plaintiffs allege a "*quid pro quo*" in which "Falcone received a significant volume of landscaping services by LG . . . [and] was not billed for these services because Tim McKenna was manipulating the billing so that Falcone would not be billed." (ECF Docket No. 276, at 11, 13) Plaintiffs have not offered any evidence to prove this. Further, this allegation is directly refuted by Plaintiff Gaudioso's own deposition. (ECF Docket No. 278, Ex. E)

Third, Plaintiffs claim that Defendant Snyder advised Tim McKenna "not to execute a consulting agreement with his client, LGH, because it contained a non-compete clause . . . [and that this] demonstrates that Snyder was part of the conspiracy."[2] (ECF Docket No. 267, at 15) This allegation alone is insufficient to show the existence of a conspiracy and Mr. Snyder's involvement therein. Even if Mr. Snyder advised Mr. McKenna not to sign a non-compete agreement, that fact alone is clearly not dispositive evidence of Mr. Snyder's membership in a conspiracy to defraud Plaintiffs. As such, Plaintiffs fail to independently corroborate the existence of a conspiracy involving the Saul Defendants. Thus, this hearsay exception does not apply.

---

[2] Mr. Snyder and Mr. McKenna deny that Mr. Snyder ever provided such advice. (ECF Docket No. 278, Ex. F)

4

ii. <u>Mr. McKenna's Statements to Mr. Sibley Are Not Admissible as Evidence of Mr. McKenna's Then-Existing Mental, Emotional, or Physical Condition</u>

Plaintiffs also propose to admit Mr. McKenna's hearsay statements under the exception for "statement[s] of the declarant's then-existing state of mind (such as motive, intent, or plan) . . ." FED. R. EVID. 803(3). Statements considered under this exception cannot be offered to prove the truth of the underlying facts asserted. *Stelwagon Mfg. Co. v. Tarmac Roofing Sys., Inc.*, 63 F.3d 1267, 1274 (3d. Cir. 1995). Plaintiffs contend that they are not offering Mr. McKenna's statements to prove the truth of the facts asserted, but that they offer the statements to show Mr. McKenna's "motive, intent, and plan." (ECF Docket No. 267, at 20) Specifically, Plaintiffs claim that "[p]art and parcel of Tim McKenna's motive, intent, and plan was the fact that he had Falcone and Saul Ewing behind him and acting with him to start his new venture." (*Id.*) This is a transparently disingenuous argument. Plaintiffs seek to admit Mr. Sibley's affidavit to show an alleged conspiracy between and among Mr. McKenna and the Saul Defendants. Thus, this exception to the rule against hearsay will not allow admission.

iii. <u>Mr. McKenna's Statement is Not Admissible Under the Residual Hearsay Exception</u>

Lastly, Plaintiffs invoke the residual hearsay exception to admit the affidavit containing Mr. McKenna's hearsay statement. (ECF Docket No. 276, at 20-24) In arguing for admission under this exception, Plaintiffs correctly recognize that "Rule 807 is 'to be used only rarely, and in exceptional circumstances' and 'applies only when certain exceptional guarantees of trustworthiness exist and when high degrees of probativeness and necessity are present.'" *United States v. Wright*, 363 F.3d 237, 245 (3d Cir. 2004) (citing *United States v. Bailey*, 581 F.2d 341, 347 (3d Cir. 1978)). In their Motion, Plaintiffs do not offer any affirmative argument to show

such "exceptional guarantees of trustworthiness" here. *Id*. Instead, they propose that "there is no evidence undermining" those unsupported guarantees. (ECF Docket No. 276, at 22)

This Court does not recognize any rare, exceptional circumstances or exceptional guarantees of trustworthiness in support of the evidence at issue. The proffered affidavit was submitted by a former defendant in this matter whom Plaintiffs have accused of fraud. It was also executed shortly after Plaintiffs stipulated to dismiss claims against that defendant. Moreover, it purports to contain a hearsay statement of an individual Plaintiffs have described as "a pathological liar and a thief." (ECF Docket No. 43, at 31-34; ECF Docket No. 258, Ex. B) As such, no exceptional guarantees of trustworthiness exist, and this evidence is inadmissible under the residual hearsay exception.[3]

### III.  MOTION IN LIMINE NO. 2 TO ADMIT TWO EMAILS FROM CATHARINE McKENNA TO SHARON SIMMONS

Plaintiffs also seek to admit two emails between Catharine McKenna and Sharon Simmons.[4] To admit these emails, Plaintiffs must overcome "three levels of hearsay: (1) a statement from Falcone to Tim McKenna that he had forwarded the LLC information to Walter Weir; (2) a statement from Tim McKenna to Catharine McKenna on or before September 3, 2014, telling her that Falcone had forwarded the MAT paperwork to Weir; and (3) Catharine

---

[3] In *United States v. Wilson*, the Third Circuit enumerated seven factors to consider when assessing evidence for trustworthiness under the residual hearsay exception: "(1) the declarant was known and named; (2) the statement was made under oath; (3) the declarant knew his assertions were subject to cross-examination; (4) the statement was based on personal knowledge; (5) the declarant had motivation to lie; (6) the statement was corroborated; and (7) the declarant was qualified to make the assertion." *United States v. Wilson*, 281 F. App'x 96, 99 (3d Cir. 2008). Here, only two of seven factors weigh clearly in favor of admission: that the declarant was known and named and that the statement was based on personal knowledge. The other five factors either weigh against admission or are neutral. As such, even considering the *Wilson* factors, the proffered statements are inadmissible under Fed. R. Evid. 807.

[4] Ms. McKenna is the wife of Defendant Timothy McKenna. Ms. Simmons is purportedly an assistant to Walter Weir, the attorney who filed the Certificate of Formation for MAT with the Delaware Secretary of State. (ECF Docket No. 268, Ex. 12)

McKenna's emails to Weir's assistant based on what her husband had told her."  (ECF Docket No. 277, at 5).

These emails are inadmissible because the existence of the first hearsay statement, allegedly made by Mr. Falcone to Mr. McKenna, is unsupported by any evidence. First, the emails that Plaintiffs intend to admit do not reference such a statement. (ECF Docket No. 277, Ex. 3)  Second, Plaintiffs do not offer any additional evidence or citations to the record supporting the fact that this statement was made. Third, and most importantly, Plaintiffs concede their doubts as to the existence of this foundational statement in their Motion. (ECF Docket No. 277, at 5-6 ("Falcone apparently told Tim McKenna that he had forwarded the MAT paperwork to Walter Weir . . . [i]t is not clear how Falcone communicated to Tim McKenna that he had sent the LLC information for MAT to Walter Weir."))  The foundation of this multi-layered hearsay is not supported by either the current record or the evidence Plaintiffs seek to admit. As such, the emails between Ms. McKenna and Ms. Simmons are inadmissible in this matter.

## IV. CONCLUSION

In the accompanying order, this Court denies Plaintiffs' Motions *in Limine* No. 1 and Motion *in Limine* No. 2. (ECF Docket No. 276-77).  The evidence Plaintiffs have proffered in both motions is inadmissible in this action.