IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAUREL GARDENS, LLC, *et al.*, | |
| Plaintiffs, | |
| v. | CIVIL ACTION<br>NO. 17-570 |
| TIMOTHY MCKENNA, *et al.*, | |
| Defendants. | |

### MEMORANDUM

**SCHMEHL, J.**  **/s/ JLS**                                                                     November 18, 2020

     Plaintiff Charles Gaudioso first met and conducted business with Defendant Timothy McKenna in 2007 or 2008. (ECF # 281 at ¶ 7.) In the intervening years, the relationship between Mr. Gaudioso and Mr. McKenna collapsed and become hostile. As a result, Mr. Gaudioso and his co-plaintiff companies[1] filed suit against Mr. McKenna and 32 other defendants, some of which who have been dismissed. Plaintiffs generally allege that Mr. McKenna coordinated "a widespread criminal conspiracy that was engaged in a pattern of racketeering activity across state lines . . . [in violation of] the Racketeer Influenced and Corrupt Organizations Act ('RICO'), 18 U.S.C. §§1961-1968." (ECF # 268 at 1.)

     As for defendant Frontier Mulch, LLC, it is alleged that Frontier participated in the criminal conspiracy because it is owned by fellow defendant Haines & Kibblehouse, and there were multiple business transactions between Frontier and plaintiffs. (ECF # 43 at ¶ 118.) But plaintiffs have not produced any evidence concerning Frontier's and Haines & Kibblehouse's

---

[1] The Plaintiffs in this matter are (1) Charles P. Gaudioso; (2) LGSM, GP; (3) Laurel Gardens Holdings, LLC; (4) American Winter Services, LLC; and (5) Laurel Gardens, LLC. (ECF No. 43.)

relationship other than the single sentence in the amended complaint. Regarding the business transactions, Frontier sold plaintiffs winter salt and other chemicals for several years. Allegedly, Frontier overcharged plaintiffs throughout those years. (*Id.* at ¶ 119.) But undisputedly to the contrary, Frontier did not overcharge plaintiffs. In fact, Frontier sent plaintiffs an invoice of about $24,000, but plaintiffs refused to pay. Frontier then sued plaintiffs for the full amount in the Philadelphia County Pennsylvania Court of Common Pleas. In that case, a statutory arbitration hearing resulted in favor of Frontier and against plaintiffs for the full amount. Plaintiffs initially appealed the arbitration decision, but then withdrew that appeal and the state court entered a full and final judgment in favor of Frontier. (*See* ECF # 330.) Allegedly, plaintiffs have yet to pay that judgment. Years later, plaintiffs brought this suit against Frontier and 32 other defendants for the alleged "widespread criminal conspiracy."

Presently before the Court is Frontier's motion for summary judgment, which plaintiffs have informed the Court that they do not contest. For the reasons below, Frontier's motion for summary judgment is GRANTED and Frontier is dismissed from the case.

## **Standard of review**

Summary judgment is proper when there is no genuine dispute of material fact and the movant is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(a). A dispute to a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). On a motion for summary judgment, the Court must consider the "underlying facts and all reasonable inferences therefrom in the light most favorable" to the non-moving party. *Slagle v. Cnty. of Clarion*, 435 F.3d 262, 264 (3d Cir. 2006) (citations omitted).

The plaintiffs have stated that they do not contest Frontier's motion for summary judgment. Still, the Court is required to conduct its own examination of whether summary judgment is appropriate under the circumstances. Fed.R.Civ.P. 56(e); E.D.Pa.R.Civ.P. 7.1(c).

## **Analysis**

The Full Faith and Credit Act requires courts to "give the same preclusive effect to a state-court judgment as another court of that State would give." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (citation omitted); 28 U.S.C. § 1738. Also known as collateral estoppel, the doctrine precludes parties from "relitigating an issue that has already been actually litigated." *Peloro v. United States*, 488 F.3d 163, 174-75 (3d Cir. 2007).

The elements that must be met for collateral estoppel to apply are "(1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment." *Id.* at 175 (citations omitted).

Of the nine counts against Frontier, six are state law claims. Specifically, plaintiffs allege aiding and abetting breach of a fiduciary duty (count 1), civil conspiracy (count 2), fraud (count 6), conversion (count 8), negligent misrepresentation (count 9), and tortious interference with contract (count 10). As can be understood through the amended complaint and Frontier's Proposed Stipulation of Uncontested Facts, the only relationship between Frontier and plaintiffs is that Frontier was owned by fellow-defendant Haines & Kibblehouse, and that Frontier sold plaintiffs winter salt and other chemicals. It is not alleged that Frontier had any communication with any other defendants. Most importantly, Frontier's and plaintiffs' relationship is derived purely from their seller-buyer transactions of winter salt.

Plaintiffs purchased winter salt from Frontier for a number of years, and the total invoice for those purchases was approximately $24,000. Plaintiffs, for unknown reasons, contested the amount and claimed that they were overcharged. A lawsuit was initiated by Frontier in the Philadelphia County Pennsylvania Court of Common Pleas, and during those proceedings, the parties, through their counsel, participated in an arbitration hearing. The arbitration resulted in favor of Frontier for the full amount. Unsatisfied, plaintiffs appealed the arbitration decision, but withdrew the appeal shortly after. Subsequently, a full and final judgment was entered by the state court in favor of Frontier. Still, it appears that plaintiffs have yet to pay any portion of that judgment.

All the state law claims against Frontier in this case are based on the business transactions described above. The transactions were directly at issue and actually litigated in the state court proceeding, the parties were represented by counsel, a final judgment was entered in favor of Frontier, and the case was dismissed. *See Exxon Mobil Corp.*, 544 U.S. at 293. Accordingly, plaintiffs' state law claims against Frontier in this case are precluded under the doctrine of collateral estoppel.

Similarly, the RICO claims against Frontier (counts 3, 4, and 5) are also precluded because they are based upon the same business transactions that was decided in the state court proceeding. The RICO claims themselves are not directly precluded under collateral estoppel because RICO claims are purely federal law. Nevertheless, collateral estoppel is dispositive to all of the underlying facts of plaintiffs' RICO claims, therefore, the RICO claims cannot stand. *See Reeves v. Ernst & Young*, 507 U.S. 170, 184-85 (1993); *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 370-71 (3d Cir. 2010).

## **Conclusion**

For all the reasons above, Frontier's motion for summary judgment is GRANTED, and Frontier is dismissed from the case.